[Crim. No. 482. Fifth Dist. Sept. 11, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES RUBEN CHAVARRIA, Defendant and Appellant.

Neil A. Helding, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and David L. Wasserman, Deputy Attorneys General, for Plaintiff and Respondent.

GARGANO, J.—Appellant, James Ruben Chavarria, appeals from a judgment entered on the jury's verdict finding him guilty of assault with a deadly weapon in violation of Penal Code section 245. The facts, when viewed in the light most favorable to respondent, are these:

Appellant's brother, Thomas Chavarria, and Homero Mendiola were driving their respective automobiles on the afternoon of June 26, 1967, when they almost collided at an inter-

section in Corcoran, California. At the time appellant and Alinardo Rodriguez were riding in the Chavarria vehicle. An exchange of hot words and profanity ensued. Both Mendiola and appellant claim that the other called him a "queer." After the altercation, Thomas Chavarria followed Mendiola home.

Later that evening Mendiola was in the front yard of his home when Thomas Chavarria drove up and parked his car in front of the gate. Thomas Chavarria informed Mendiola that he, appellant and Alinardo Rodriguez were coming into Mendiola's yard. Mendiola answered that he would not allow them to enter. Then Thomas Chavarria reached into the back seat of the car and picked up a short-handled hoe. Appellant armed himself with an iron bar. Alinardo Rodriguez picked up a chain.

As the three men entered the yard, Mendiola picked up a small stick about the size of a broom handle to defend himself. However, Thomas Chavarria struck him on the head and hand with the short-handled hoe. Appellant struck Mendiola with the iron bar. Mendiola then attempted to retreat to the rear of the house, but the trio continued to rain blows on his body with the bar, chain and hoe, inflicting serious injuries, including a fractured wrist. The vicious attack was witnessed by Dell Porter and Lillian Mata.

After the beating, appellant, Thomas Chavarria and Alinardo Rodriguez were arrested and jailed. While in custody appellant signed a written statement prepared by Officer Albert Bans. He admitted striking Mendiola with the iron bar but claimed that the fight was started by Mendiola and two other adults of Mexican extraction. He said his brother had no part in the fight.

At the commencement of his jury trial, appellant claimed that the written statement he gave to Officer Bans was involuntary because it was induced by a promise of leniency. Thus, the court convened out of the presence of the jury to determine the issue pursuant to Evidence Code section 405. Officer Bans testified that appellant volunteered to make the statement without any solicitation on Ban's part and that no force, pressure, promises or coercion of any kind were used. He also said that before taking the statement he advised appellant of his *Miranda* rights, and appellant freely and intelligently waived these rights. In rebuttal, appellant asserted that the officer told him that if he and Rodriguez gave statements to the police, appellant's brother "would have a

better chance,'' and that he might be free that very night or the next morning. Appellant said the promise was repeated on the following day and that he made his statement primarily to help his brother gain his freedom.[1] The court then ruled that appellant's statement was voluntary and admitted it into evidence. However, before doing so the court made the following remarks: ''The court hereby finds that the prosecution has the burden of proving and of producing the evidence and the burden of proof on the issue as to whether or not it was voluntary; whether or not he was informed of his rights and that he knowingly and intelligently waived his rights. The court finds that the prosecution did meet this burden; that the admission or confession, whichever, it is, . . . is admissible.''

Appellant does not challenge the sufficiency of the evidence to sustain his conviction. His main contention for reversal is that the court did not require respondent to prove that his signed written statement was voluntary ''beyond a reasonable doubt.'' Stated in a slightly different manner, appellant maintains that respondent had the burden of proving that his extrajudicial admission was voluntary and apparently asserts that we must reverse the judgment because the trial judge did not specifically state that he was satisfied that the statement was voluntary ''beyond a reasonable doubt.''

It is settled that the trial judge must make the preliminary determination as to whether a confession or admission was voluntary before admitting the confession or admission into evidence (*Jackson* v. *Denno,* 378 U.S. 368 [12 L.Ed.2d 908, 84 S.Ct. 1774, 1 A.L.R.3d 1205]). Moreover, since the burden of proof on this preliminary issue is on the People, the degree of proof is ''beyond a reasonable doubt.''

As we stated in *People* v. *Stroud,* 273 Cal.App.2d 670, 678 [78 Cal.Rptr. 270], ''. . . . to hold that a trial judge's ruling is to be grounded upon anything less than proof beyond a reasonable doubt would seem to be anomalous in a legal system that requires the People to prove a defendant's guilt beyond a reasonable doubt.'' However, the trial judge is not required to use the specific language, ''I believe beyond a reasonable doubt.'' Thus, we must uphold his ruling even if he has failed to use this, or similar, language if it is clear from the record that he applied the correct standard (*People* v. *Stroud, supra,* 273 Cal.App.2d 670.)

---

[1]Alinardo Rodriguez also testified that he had been promised that appellant's brother Thomas Chavarria would be released if he made a statement.

In the case at bench, the trial judge was not called upon to weigh and consider bits and pieces of complicated evidence in order to arrive at his decision as to whether appellant's statement was voluntary. On the contrary, he was faced with an outright conflict between the testimony of appellant and Officer Albert Bans. And, since the judge obviously believed the officer's testimony that appellant volunteered to make the statement without solicitation and that no promises of leniency of any kind were made, it is hardly likely that he had any lingering doubt in this respect. Moreover, under Evidence Code section 405, the judge must not only indicate which party has the burden of proof on the disputed preliminary issue, but he must also resolve the issue ''as required by the rule of law under which the question arises.'' Manifestly, since the trial judge stated that respondent had the burden of proving that appellant's statement was voluntary, he must have also understood that the degree of proof was ''beyond a reasonable doubt.'' In short, since the court understood that the People had the burden of proving that appellant's extrajudicial statement was voluntary, in the absence of a contrary declaration, we must also assume that he understood that respondent was required to do so ''beyond a reasonable doubt.''

Appellant also suggests that we should reweigh the evidence and reverse the judgment if we are not satisfied beyond a reasonable doubt that his statement was voluntary. However, appellant misconstrues the scope of appellate review. While it is true that we must make ''an independent investigation of the whole record'' in order to determine whether a confession or admission was voluntary, we do not weigh or resolve conflicts in the evidence (*People* v. *Aikens,* 70 Cal.2d 369 [74 Cal.Rptr. 882, 450 P.2d 258]; *People* v. *Massie,* 66 Cal.2d 899 [59 Cal.Rptr. 733, 428 P.2d 869]; *People* v. *Wein,* 50 Cal.2d 383 [326 P.2d 457]; *People* v. *Stroud, supra,* 273 Cal.App.2d 670).

Appellant's final contention that the court erred in admitting into evidence the hoe which appellant's brother used to strike Mendiola is devoid of merit, and no further comment is necessary.

The judgment is affirmed.

Stone, P. J., and David, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.