[Crim. No. 10782. First Dist., Div. One. Mar. 8, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ALLAN MARK HUTCHINGS III, Defendant and Appellant.

## COUNSEL

Harvey J. Sande, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Gloria DeHart and April P. Kestell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—A jury found the defendant guilty of four counts of passing forged checks (Pen. Code, § 470) and guilty of one count of passing checks with knowledge of insufficient funds (Pen. Code, § 476a). The court sentenced him to state prison for a minimum term of six months under section 1202b of the Penal Code. On appeal from the judgment of conviction, the issue is whether defendant's confession was properly admitted into evidence as a voluntary statement.

The trial court, pursuant to section 402 of the Evidence Code and *Jackson* v. *Denno* (1964) 378 U.S. 368 [12 L.Ed.2d 908, 84 S.Ct. 1774, 1 A.L.R.3d 1205], held a hearing out of the presence of the jury to determine whether defendant's confession was voluntarily given. Typically, there was some conflict between the police officer's testimony and defendant's testimony about the circumstances under which the statement was made. In resolving the factual conflict, the trial court expressly found that defendant had been advised of his constitutional (*Miranda*) rights, that there was a knowledgeable waiver of those rights, that the police officer's testimony was more believable than defendant's testimony, that the confession was voluntarily given and therefore admissible. The trial court did not expressly state for the record the standard of proof it applied.

On appeal, defendant argues that the burden was on the prosecution to prove beyond a reasonable doubt that the confession was voluntary, and that the trial court failed to apply that standard of proof. First, we note that no California Supreme Court case has been cited that supports the proposition that the burden is on the prosecution to prove beyond a reasonable doubt that a confession was voluntarily given. In discussing the admissibility of confessions, the Supreme Court has simply stated that the burden is on the prosecution to prove that the defendant's confession was

voluntarily given without previous inducement, intimidation or threat. (*People* v. *Sanchez* (1969) 70 Cal.2d 562, 572 [75 Cal.Rptr. 642, 451 P.2d 74], quoting from *People* v. *Berve* (1958) 51 Cal.2d 286, 290-291 [332 P.2d 97]; see also *People* v. *Carr* (1972) 8 Cal.3d 287, 295-296 [104 Cal.Rptr. 705, 502 P.2d 513]; *People* v. *Terry* (1970) 2 Cal.3d 362, 390 [85 Cal.Rptr. 409, 466 P.2d 961]; *People* v. *MacPherson* (1970) 2 Cal.3d 109 [84 Cal.Rptr. 129, 465 P.2d 17]; *People* v. *Randall* (1970) 1 Cal.3d 948, 957 [83 Cal.Rptr. 658, 464 P.2d 114]; *People* v. *Johnson* (1969) 70 Cal.2d 469, 476-478 [74 Cal.Rptr. 889, 450 P.2d 265]; *People* v. *Davis* (1967) 66 Cal.2d 175, 180 [57 Cal.Rptr. 130, 424 P.2d 682]; *People* v. *Hill* (1967) 66 Cal.2d 536, 548-550 [58 Cal.Rptr. 340, 426 P.2d 908]; *People* v. *Massie* (1967) 66 Cal.2d 899, 906 [59 Cal.Rptr. 733, 428 P.2d 869]; *People* v. *Underwood* (1964) 61 Cal.2d 113, 121 [37 Cal.Rptr. 313, 389 P.2d 937].)

In *People* v. *Stroud* (1969) 273 Cal.App.2d 670 [78 Cal.Rptr. 270], the court also noted that no California case explicitly defined the degree of proof required in determining the voluntariness of a confession (at p. 678). The court then analyzed *Jackson* v. *Denno* (1964) 378 U.S. 368 [12 L.Ed. 2d 908, 84 S.Ct. 1774, 1 A.L.R.3d 1205], and concluded that the burden is on the prosecution to prove beyond a reasonable doubt that a confession was voluntarily given. The California Supreme Court denied a petition for hearing. The holding of *People* v. *Stroud, supra,* has been followed in other decisions by the Courts of Appeal. (*People* v. *Chavarria* (1969) 276 Cal.App.2d 66, 69-70 [80 Cal.Rptr. 600]; *People* v. *Daniels* (1969) 1 Cal.App.3d 367, 374 [81 Cal.Rptr. 675], hg. den.; *People* v. *Superior Court* (1971) 18 Cal.App.3d 316, 320 [95 Cal.Rptr. 757], hg. den.; *People* v. *Jackson* (1971) 19 Cal.App.3d 95, 100-101 [96 Cal.Rptr. 414].)

In January 1972, the United States Supreme Court decided *Lego* v. *Twomey* (1972) 404 U.S. 519 [30 L.Ed.2d 618, 92 S.Ct. 619], stating that in *Jackson* v. *Denno, supra,* it had not indicated or suggested that prosecutors would be required to meet a particular burden of proof in a *Jackson* hearing before the trial judge. The court said that a criminal defendant is entitled to "a reliable and clear-cut" determination that the confession was in fact voluntarily rendered, that the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary, that proof beyond a reasonable doubt is not the required standard of proof, although a state may adopt a higher standard.

Because the decision in *Lego* v. *Twomey, supra,* clearly rejects the basis

of the decision in *People* v. *Stroud, supra,* it is not clear what standard of proof California trial courts must apply in determining the voluntariness of a confession. The absence of a prescribed standard of proof in the foregoing California. Supreme Court cases suggests or implies that proof by a preponderance of the evidence, or by clear and convincing evidence, is sufficient, and that proof beyond a reasonable doubt is not required. We find it unnecessary, however, to determine the proper standard of proof in this case since it was tried before the decision in *Lego* v. *Twomey, supra,* and there is substantial evidence to support a finding that defendant's confession was voluntary beyond a reasonable doubt. Although the trial court did not expressly state the standard of proof it applied, it may be assumed that the trial court applied existing law, i.e., proof beyond a reasonable doubt. (See *People* v. *Chavarria, supra,* 276 Cal.App.2d 66, 69-70; *People* v. *Daniels* (1969) 1 Cal.App.3d 367, 374 [81 Cal.Rptr. 675]; see also Evid. Code, § 402, subd. (c).)

In numerous decisions it is said that an appellate court is not bound by the trial court's determination of the voluntariness of a confession. It is the duty of a reviewing court to examine the uncontradicted facts to determine independently whether the trial court's conclusion of voluntariness was properly found. (*People* v. *Sanchez, supra,* 70 Cal.2d 562, 571, quoting from *People* v. *Berve* (1958) 51 Cal.2d 286, 290 [332 P.2d 97].) In determining whether the defendant's confession is the product of a rational intellect and a free will, the totality of the circumstances surrounding the confession must be considered. (*People* v. *Sanchez, supra,* at p. 572.) Where the evidence is conflicting, an appellate court will accept the trial court's finding if the evidence relied on by the trial court "is not so improbable as to be entirely unworthy of belief." (*People* v. *Stroud, supra,* 273 Cal.App. 2d at p. 676.)

Having reviewed the entire record, we conclude that the prosecution sustained its burden of proving that defendant's confession was voluntarily given. Defendant was 21 years old at the time and of "relatively normal intelligence." He had been arrested for similar offenses and advised of his constitutional rights on previous occasions, a factor which may be considered. (*People* v. *Lara* (1967) 67 Cal.2d 365 [62 Cal.Rptr. 586, 432 P.2d 202] [cert. den. 392 U.S. 945 (20 L.Ed.2d 1407, 85 S.Ct. 2303)].) Although he suffered from emotional problems involving homosexuality, those problems did not impair his capacity to freely make a rational statement with knowledge of the consequences. (Cf. *People* v. *Lara, supra,* and cases cited.) There was no evidence that the police officers threatened him with physical violence, or that they used undue psychological pressure to

obtain the statement. Only about half an hour elapsed from the beginning of the interview to the time defendant agreed to make a statement.

Defendant's confession was properly admitted into evidence. The judgment is affirmed.